JOHN C. GOODRICH, GUARDIAN OF JESSE W. REED, v. ELLA E. SHAW.

*Deed—Mental incompetency of grantor—Duress.*

The deed sought to be set aside is held to have been procured through threats, in executing which the grantor acted under a species of duress, and the relief prayed for is granted.

Appeal from Wayne. (Hosmer, J.) Argued June 21, 1888. Decided October 26, 1888.

Bill to set aside a deed, etc. · Complainant appeals. Decree reversed, and one entered granting relief as prayed. The facts are stated in the opinion.

*Levi T. Griffin,* for complainant.

*John Atkinson,* for defendant.

[Briefs are confined to a discussion of the testimony.— REPORTER.]

SHERWOOD, C. J.    The complainant is the guardian of Jesse W. Reed, an alleged incompetent person, 76 years of age, who resides in Detroit.

The defendant is a young girl, now 14 years old, and a niece of Reed's third wife, who died in April, 1886. The girl lived in Reed's family, with her mother, for a short time before Mrs. Reed died, and was familiar and intimate in Reed's family for about two years before the death of Mrs. Reed.    During this period it is alleged that Jesse W. Reed took undue liberties with the girl, and it is claimed by her counsel it was on account of this wrong and injury to her that he was induced to give to her, and did actually convey to the defendant, by warranty deed on the 30th of April, 1886, two lots on the Cass farm, in Detroit, which he values at from $9,000 to $12,000.

On the 22d day of July, 1886, the complainant was appointed guardian for Mr. Reed by the probate court of Wayne county, and now brings this suit to restrain the defendant by injunction from in any way disposing of the property, and to obtain a decree declaring the defendant a trustee of the property for the complainant as guardian of Mr. Reed, and that she be directed to deliver

up the deed to be canceled, and convey the property to the complainant or to his said ward.

To the bill of complaint the defendant, by her mother, Martha I. Reed, as guardian *ad litem,* made answer as follows:

"This defendant, answering by her said guardian, saith that she is an infant of the age of fourteen years or thereabouts, and she therefore submits her rights and interests in the matters in question in this cause to the protection of this honorable court; hereby denying all material allegations in said bill, and putting complainant to proof thereof."

The case was heard on the pleadings and proofs, and the circuit judge dismissed the complainant's bill. The guardian for Reed appeals to this Court.

It was set up in the bill, and it was claimed by complainant that the proofs show:

"1. That there was no valuable consideration for this valuable property ever given by defendant.

"2. That there was no such relation between Jesse W. Reed and the defendant Shaw as to support a consideration of love and affection.

"3. That Jesse W. was old and infirm of body and mind, and not competent to execute a deed.

"4. Whether he was competent or not, if properly aided in the transaction of his business, it is certain that he was so infirm of purpose and weak in mind that he was easily operated upon, and persuaded, under the influence of threats, to execute the instrument."

An examination of the record has convinced us that this claim of the complainant is supported by the testimony, and ought to have controlled in the decision at the circuit.

We shall not attempt a review of the testimony in this opinion. The questions presented were almost entirely those relating to the facts, and such review could serve no useful purpose, and would be of interest only to those who are immediately interested in the litigation.

If what Mr. Reed says is true as to the alleged injury to the girl, it could amount to no more than an assault and battery, committed in the presence of the mother, and without her objection or disapproval. His physical condition, as the testimony presents it, tends strongly to show that he could not have been guilty of the conduct towards the defendant intimated by the mother, and claimed to have occurred by defendant's counsel, and which is made the basis of the settlement, which sufficiently appears to have been the only consideration for the deed.

Was this settlement brought about, and Reed's consent thereto obtained, which resulted in his giving the deed in question, by means of fear of prosecution and criminal punishment in the penitentiary, to which he never would have assented or yielded had not his mind been so weakened, and his judgment impaired, by physical infirmities and extreme old age, as to render him incapable of intelligent comprehension of the situation and the exercise of his reason and the judgment which he otherwise would have used, in resisting what he claimed to be a false charge made against him and in protecting his property? This is the only remaining question in the case.

If the affirmative of this question gives correctly the situation of this unfortunate old man, then our duty is plain. We should afford such relief as is necessary to enable the complainant to secure for the use of his ward the property he accumulated during his early life, to meet the necessities which have come upon him by reason of his physical maladies and mental misfortunes in his old age. If the law should fail to do this, it would be unworthy of the recognition of courts in any country where civilization prevails

We think the facts which are legitimately in evidence in this case clearly show that this old man in making the

.leed in question was so far influenced by fear from the threats made against him by defendant's mother, by reason of his mental weakness and loss of judgment, as to be incapable of exercising his reason, or to understand or have any intelligent comprehension of what he was doing; that he acted under a species of duress, brought to bear upon him by such threats; and it would be most unjust to allow the transaction to stand.

The complainant is entitled to the relief he asks for his ward.

The decree at the circuit will therefore be reversed and set aside, and a new decree entered in that court in favor of complainant, in accordance with the prayer of his bill, but without costs.

The other Justices concurred.